In the Matter of the Claim of JOHANNA SAWATZKI, Respondent, against IRVING FRIEDMAN, Doing Business as IRELAND PAINTING AND DECORATING Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits to the widow of a deceased employee. Decedent was a house painter and 70 years of age at the time of his death. He suffered from a pre-existing diseased aorta. On the day of his death he had been engaged in his trade by way of shellacking the top of a garage door. While doing this work he felt a pain in the

right side of his neck and stopped working for a short time. When he resumed work he suffered pain again and spat some blood from his mouth. He was then taken home where he died within a few hours. An autopsy revealed that the cause of death was a ruptured aorta, there being an irregular tear in the aorta about two inches in length. The board found that due to unusual strain and effort superimposed upon decedent's abnormal cardio-vascular system, decedent sustained an accidental injury arising out of and in the course of his employment. There was some testimony of stretching on the part of decedent before his attack. He was about five feet six inches tall, and when he was shellacking the door he stood about four inches below the bottom of the door which was seven feet high. There was also some testimony to the effect that applying shellack required somewhat more effort than to applying ordinary paint. In our view the finding of unusual strain and effort is somewhat questionable because stretching was probably an incidental part of the decedent's daily work. But we are also of the opinion that the board was not required to rest its decision upon the theory of unusual strain. Implicit in its decision was a finding of causal connection between decedent's work and the rupture of his aorta. The medical testimony was conflicting and the board resolved that conflict in favor of the claimant as it undoubtedly had the power to do. Having thus found causal connection it was not necessary to find unusual effort where the work caused an actual tear in the tissue of the aorta (*Matter of Kayser* v. *Erie County Highway Dept.,* 276 App. Div. 789; *Matter of Brancato* v. *Cowper Co.,* 282 App. Div. 752, motion for leave to appeal denied 306 N. Y. 979). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.